```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


DANIEL R. THOMPSON,

                    Plaintiff,
                                           CIVIL ACTION
           vs.                             No. 05-3319-SAC

L.E. BRUCE, et al.,


                    Defendants.
```

ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody.  Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

---

[1]  Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $250.00 in this action.  The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

On November 17, 2005, plaintiff submitted a motion for leave to amend the complaint (Doc. 5). The court grants the motion and has considered the proposed amended complaint submitted with that motion in examining the record.

**Background**

Plaintiff has a history of chronic middle ear disease dating from his childhood. He underwent mastoid surgery at some time prior to his incarceration. During his incarceration, plaintiff has received treatment for that condition. The following summary of the medical care provided to plaintiff is based upon the grievance materials submitted by the plaintiff with the complaint.

In November 2002, plaintiff was examined by Dr. Thomas Smith, an ENT. Dr. Smith determined that ear tube placement might be beneficial, and he advised the plaintiff to keep water out of his ears to prevent infection.

On November 15, 2002, health services personnel prepared a request for an outpatient referral for the tympanoplasty. The request was denied on November 18, 2002. The request was resubmitted with additional supporting information but again

was denied on November 22.[2]

Plaintiff saw Dr. Smith again on August 26, 2003. Dr. Smith found no sign of infection in either ear and determined there was no basis to prescribe narcotics for pain.

Following another examination by Dr. Smith, plaintiff was referred to an oral surgeon to rule out temporomandibular joint disorder (TMJ). The oral surgeon, Dr. Albright, examined plaintiff in October 2004 and found no evidence of TMJ.

In November 2004, plaintiff was seen by the Medical Director, who found no drainage or infection. Plaintiff continued to receive prescribed eardrops and pain medication. His request for narcotic medication was denied.

On February 14, 2005, plaintiff's ears were examined at the facility and were found to be free of infection.

Plaintiff was again seen by an ear specialist on March 8, 2005, with no treatment found necessary.

In the amended complaint, plaintiff seeks damages,

---

[2] The treatment in 2002 occurred outside the applicable statute of limitations and is included to provide a complete description of the medical care plaintiff has received.

injunctive relief, transfer to another facility, and the termination of defendants' employment.

## Discussion

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf". Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.1997). Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

Plaintiff claims he has received constitutionally inadequate medical care during his incarceration.

4

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's ban on cruel and unusual punishment. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). Deliberate indifference claims have both subjective and objective components. Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005). The objective component requires a deprivation that is "'sufficiently serious.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The subjective component requires a showing that a prison official "knows of and disregards an excessive risk to inmate health or safety." Id. (quotation omitted).

A mere difference of opinion concerning the appropriate course of medical treatment is not sufficient to establish a claim of constitutional violation. See Estelle v. Gamble, 429 U.S. 97, 107 (1976)("matter[s] of medical judgment" do not give rise to a § 1983 claim); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981). Likewise, neither negligence nor malpractice violates the Eighth Amendment. Estelle, 429 U.S. at 106 (1976).

Having carefully examined the record, the court concludes the plaintiff's allegations are insufficient to state a claim of cruel and unusual punishment.  The materials before the court reflect that throughout his confinement, plaintiff's condition has been evaluated by both corrections health care personnel and by specialists outside the facility.  He has received medication for pain, although his requests for narcotic medication has been denied.  Correctional medical staff pursued approval for an additional procedure, but reviewers denied that request twice.

Although plaintiff would prefer a different course of treatment, the record does not support a claim of deliberate indifference to his medical condition.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915 (b)(2) until plaintiff satisfies the full filing fee.

IT IS FURTHER ORDERED plaintiff's motion to amend the complaint (Doc. 5) is granted.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. 4) is denied as moot.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 10th day of February, 2006.

					S/ Sam A. Crow
					SAM A. CROW
					United States Senior District Judge